# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

SHAWN MICHAEL BROWN                                        MOVANT

v.                                              No. 1:19CV43-SA-RP

UNITED STATES OF AMERICA                             RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the petition of Shawn Michael Brown for a writ of *habeas corpus* under 28 U.S.C. § 2241. The court did not require the government to respond to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). ). Section 2241 is an appropriate vehicle to challenge government action that affects the actual duration of the petitioner's custody (rather than the length of the sentence imposed), "such as challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent sentence-shortening devices." § 5:7. Federal prisoners—Section 2241 habeas corpus petitions, Postconviction Remedies § 5:7. The petitioner in this case thus seeks the appropriate form of federal *habeas corpus* relief.

### Facts and Procedural Posture

On November 15, 2012, Shawn Brown was sentenced in state court to serve a term of 5 years' incarceration with the Mississippi Department of Corrections ("MDOC") for possession of marijuana. MDOC credited 88 days towards his sentence for pretrial detention from July 3, 2012, to July 5, 2012 (2 days) – and from August 21, 2012, to November 15, 2012 (86 days). He was convicted in this court and sentenced on January 15, 2014, to incarceration for 100 months for conspiracy to distribute a controlled substance (marijuana and cocaine). *United States v. Brown*, 1:12CR167-SA-DAS. While

Mr. Brown was serving his state sentence, the United States Marshal Service took physical custody of him from March 25, 2013, to February 18, 2014, so that he could receive a mental evaluation and for trial on his federal criminal charge. He was returned to the physical custody of MDOC on February 18, 2014.

He was released on parole on his state sentence and remanded to the custody of the United States Marshal Service on a federal detainer on October 29, 2014. He was given into the physical and legal custody of the Federal Bureau of Prisons on December 12, 2014. He fully completed his state sentence on October 28, 2015, and is now serving out the remainder of his federal sentence. [1]

**The Interplay Between Mr. Brown's State and Federal Sentences**

An overarching fact throughout this discussion is that Mr. Brown remained in the continuous *legal* custody of Mississippi authorities from the date of his state conviction, November 15, 2012, until his state sentence fully expired on October 28, 2015. From the date of his *federal* conviction, January 15, 2014, until the expiration of his state sentence, October 28, 2015, he was *also* in the legal custody of the United States because his state and federal sentences ran concurrently. As set forth below, the State and Federal governments exchanged *physical* custody of Mr. Brown several times, but none of these exchanges altered the terms of his incarceration for either conviction.

**Credit Applied to Mr. Brown's State and Federal Sentences**

Mr. Brown claims that he is entitled to credit towards his federal sentence from March 25, 2013, to January 13, 2014 – a period during his physical custody with the Marshal Service. He also argues that he is entitled to one year of credit towards his federal sentence – from October 29, 2014, to

---

[1] Mr. Brown's state and federal sentences ran concurrently from January 15, 2014 (the date of his federal conviction), until the expiration of his state sentence on October 28, 2015.

- 3 -

October 28, 2015. This represents the period between his release on parole from his state sentence into physical federal custody and the expiration of his state sentence. Neither of these claims has merit, as Mr. Brown has received all the credit he is due towards his federal sentence.

The law governing when a federal criminal term of incarceration begins, including how to calculate credit for prior custody, may be found in 18 U.S.C. § 3585, which states:

> **(a) Commencement of sentence.** – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585.

The Fifth Circuit has made clear that an inmate in federal custody on a writ of *habeas corpus ad prosequendum* from state custody *remains in state custody*:

> [I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately. *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938). A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *United States v. Kipp*, 232 F.2d 147 (7th Cir. 1956)[.]

*Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

The United States District Court for the Northern District of New York has discussed this issue in detail:

> Generally a defendant transferred via a writ of habeas corpus ad prosequendum is under the temporary custody of the receiving state. However, this is not always the case. For the purposes of Title 18, United States Code, Section 3585(b), which is the applicable section governing the terms under which credit for prior custody shall be given, the receiving state gains no custody if the individual is produced pursuant to a writ of habeas corpus ad prosequendum. *Flick v. Blevins,* 887 F.2d 778, 781–82 (7th Cir. 1989), *cert. denied,* 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). Rather, the defendant is deemed only to be "on loan" from the sending state. *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir.1978), *cert. denied,* 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979); *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir.1991).
>
> Thus, although Miller was under federal control for two years at the Missouri Federal Medical Center, for the purposes of § 3585 he was not under federal custody. *Thomas v. Whalen,* 962 F.2d 358, 360–61 (4th Cir. 1992). Therefore, § 3585 is inapplicable to this petition and this court need not afford any credit. This is because under § 3585, a federal sentence does not commence " '... until the United States obtains custody enabling it and entitling it to enforce the sentence.' " *Crawford,* 589 F.2d at 695 (quoting *Application of Nelson,* 434 F.2d 748, 750 (1970), *vacated on other grounds,* 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971)).

*Miller v. United States*, 826 F. Supp. 636, 638 (N.D.N.Y. 1993).

In this case, Mr. Brown was already serving a state sentence (imposed on November 15, 2012) when federal authorities initiated a criminal prosecution against him (by Indictment entered November 28, 2012). The federal writ of *habeas corpus ad prosequendum* merely moved his physical custody from state authorities to the United States Marshal Service; he remained in the legal custody of Mississippi authorities – and continued serving his Mississippi sentence during this time. His Mississippi sentence began on November 15, 2012, and fully expired on October 28, 2015, and he served it continuously.

He was moved to the physical custody United States Marshal Service through a writ of *habeas corpus ad prosequendum* from March 25, 2013, to February 18, 2014, when he was returned to

Mississippi physical custody. During this time, he was convicted in this court, and his federal sentence began to run on January 15, 2014. As his sentences ran concurrently, he was in the legal custody of State of Mississippi *and* the United States beginning January 15, 2014, and he remained in the physical custody of the state.

He was similarly transferred to the physical custody of the United States Marshal Service again from October 29, 2014, to December 12, 2014, after which he was released to the Bureau of Prisons to serve the remainder of his federal sentence. Nonetheless, as set forth above, beginning on the date he was sentenced in federal court – January 15, 2014, his federal sentence ran concurrently with his state sentence, which fully expired on October 15, 2015, according to the Mississippi Department of Corrections Discharge Certificate. None of the transfers of his physical custody changed that fact.

## Credit Towards Mr. Brown's Sentences

Mr. Brown received 2 days of credit on his *state* sentence for pretrial detention from July 3, 2012, to July 5, 2012 – and 86 days of credit on his *state* sentence for pretrial detention from August 21, 2012, to November 15, 2012 – a total of 88 days. Under the Sentence Computation Manual and the holding in *Willis v. United States*, Mr. Brown *also* received 88 days credit towards his *federal* sentence for the same pretrial detention period.[2] Doc. 1 at 28.

---

[2] Under that case:

[Section] 3585(b) authorizes credit for time spent in official detention prior to the imposition of a federal sentence that has not been credited against another sentence . Notwithstanding this limitation, pursuant to *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), in certain instances, and, where a defendant's state and federal sentences have been specifically ordered to be served concurrently, time spent in presentence state custody attributable to the federal offense may be credited toward time served on a federal sentence even if the defendant was given credit on his state sentence for that period of time.

However, as set forth above, he began serving in federal sentence on January 15, 2014, and he has received credit towards his federal sentence for his incarceration from that time forward. Thus, he is not entitled to credit towards his federal sentence for the time he spent in Marshal Service custody from March 25, 2013, to January 13, 2014, as that time preceded his federal conviction and has been applied to his state sentence. Under 18 U.S.C. § 3585(b), that period of incarceration cannot be applied to his federal sentence because it has been "credited against another sentence."

## Conclusion

In sum, none of Mr. Brown's grounds for relief has merit. He has received all the credit he is due for pretrial detention, and his concurrent state and federal sentences have been computed correctly. As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of June, 2019.

/s/ Sharion Aycock  
U. S. DISTRICT JUDGE

---

*Munoz v. Tamez*, No. CIV A 4:07-CV-267-Y, 2008 WL 2875686, at *2 (N.D. Tex. July 22, 2008) (internal citations omitted).